UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

WILLIAM GORMAN,                                              6:12-cv-1124-TC

                Plaintiff,

        v.                                                FINDINGS AND RECOMMENDATION

OREGON ATTORNEY GENERAL JOHN R.
KROGER, et al.,

                Defendants.

COFFIN, Magistrate Judge:

    Plaintiff William M. Gorman is proceeding <u>in forma pauperis</u> and without counsel in this action. By order dated July 18, 2012, I dismissed his original complaint with leave to amend within thirty days. Plaintiff has now filed a timely amended complaint. (#8). Because plaintiff is proceeding <u>in forma pauperis</u>, the court may review his complaint and dismiss it without service of process if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii) and (iii). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989). Plaintiff

Page 1 - FINDINGS AND RECOMMENDATION

must be given leave to amend his complaint unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). For the reasons set forth below, I find that, no matter how liberally the complaint is construed, the deficiencies in plaintiff's amended complaint cannot be cured by amendment, and I recommend that the court dismiss this action.

## Discussion

Plaintiff's amended complaint alleges that the states of Oregon and California and the County of Santa Clara, California violated his civil rights in various ways in the enforcement of child support orders. Plaintiff notes, however, that since the filing of his original complaint, he has received the relief he sought–reinstatement of his Oregon driver's license and closure of the child support enforcement action against him. (#8 at IV, A). He now seeks unspecified injunctive relief, "protection of his driver's license and protection from further actions by the defendants against his driving privileges" and punitive damages against all defendants for the up to "twenty-five years of undue civil rights violations." (Id.).

It is well settled that the judicial power of the federal courts is limited to "cases" or "controversies" U.S. Const., Art. III, sec. 2. The court's role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Thomas v. Anchorage Equal Rights Commission, 220 F.3d 1134 (9th Cir.2000) (en banc). Regardless of whether the relief sought is monetary, injunctive or declaratory, in order for a case to be more than a request for an advisory opinion, there must be an actual dispute between adverse litigants and a substantial likelihood that a favorable federal court decision will have some effect. Calderon v. Ashmus, 523

U.S. 740 (1998); Plaut v. Spendthrift Farm, 514 U.S. 211(1995). Here, it is apparent from the amended complaint that a favorable federal decision will have no effect because plaintiff has already achieved the relief sought.

## Conclusion

I find that, even taking the facts in a light most favorable to plaintiff, he fails to state a claim upon which relief can be granted and it appears that further amendment cannot cure the deficiencies of the complaint. I recommend that the court dismiss this matter with prejudice.[1] The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. Plaintiff is advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this 1 day of October 2012.

THOMAS M. COFFIN
United States Magistrate Judge

---

[1] Dismissal with prejudice refers to plaintiff's ability to file another in forma pauperis action raising the same claims. Denton v. Hernandez, 504 U.S. 25 (1992).

Page 3 - FINDINGS AND RECOMMENDATION